**RAMCAR, Inc. v. UNITED STATES.**

No. 628–52.

United States Court of Claims.

July 13, 1953.

Edward Gallagher, Washington, D. C., for plaintiff.

Thomas O. Fleming, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

Plaintiff, a corporation organized and existing under the laws of the Philippine Republic and having its principal offices in Manila, brings this suit to recover the value of its airfield property and aircraft equipment commandeered by the United States Army on December 8, 1941, and destroyed by the Army on December 29, 1941, to prevent the property from falling into the hands of the Japanese. In a second cause of action plaintiff claims compensation for taxicabs and other automotive equipment and supplies commandeered by the United States Army between December 8, and December 28, 1941. Plaintiff alleges that claims filed with the Army Claims Service covering both causes of action were denied by that service in April 1948 and July 1949.

The petition herein was filed on December 30, 1952, and defendant has filed a motion to dismiss on the ground that the claims are barred by the statute of limitations, 28 U.S.C.A. § 2501, not having been filed within six years of September 2, 1945, 59 Stat. 1733. Marcos v. United States, 102 F.Supp. 547, 106 F.Supp. 172, 122 Ct.Cl. 641.

Plaintiff urges that the wartime suspension of the statute of limitations was not lifted on September 2, 1945, as was determined by this court in the Marcos case, supra, but continued until the date of the President's Proclamation, No. 2714, declaring a "Cessation of Hostilities of World

War II" on December 31, 1946, 50 U.S. C.A.Appendix, § 601 note.

We have considered fully all the arguments advanced by plaintiff in the case of Sese v. United States, 113 F.Supp. 658. In the light of that decision we conclude that the causes of action in the instant case accrued at the time of the requisitions in 1941, that the statute of limitations was suspended until September 2, 1945, and that plaintiff's claims, having been filed more than six years following September 2, 1945, are barred. Accordingly, plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.